**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

NATHAN WILLIAMS,

Plaintiff,

VS.

PETE SMITH, *et al.*,

Defendants.

**1 : 12-CV-176 (WLS)**

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are motions for summary judgment filed on behalf of Defendants Smith[1] and Loyed, whose correct name is asserted to be "RISA K. LLOYD". (Docs. 23, 26). The Court notified the Plaintiff of the filing of the Defendants' motions for summary judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the Court's Orders. (Docs. 25, 29). The Plaintiff has filed responses to the motions. (Docs. 30, 31).

Plaintiff filed this action in November 2012, raising allegations of deliberate indifference to his serious medical needs. (Doc. 1). Plaintiff maintains that on January 16, 2012, while he was incarcerated at the Sumter County Jail, he fell on a wet floor that resulted from a leaking roof.[2] *Id.* According to the Plaintiff, he was placed on a back board and put into a holding cell for two (2) days without medical treatment. *Id.* Plaintiff alleges he suffered permanent back and shoulder problems from the fall and lack of medical treatment. *Id.* Defendant Loyed is a Licensed

---

[1] Defendant Smith's Motion to Dismiss was converted by the Court to a Motion for Summary Judgment based on the Defendant's reliance on matters outside the pleadings. (Doc. 29).

[2] Although Plaintiff states that the incident occurred on January 16, 2012, the Defendants maintain the incident occurred on January 18, 2012.

Practical Nurse working at the Sumter County Jail, and Defendant Smith is the Sheriff of Sumter County. (Docs. 23-2, 26).

***Standard of Review***

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3). The Defendants

have supported their motions for summary judgment with the affidavit of Defendant Loyed, the affidavit of Dr. Lloydstone Jacobs, and portions of the Plaintiff's medical records. (Docs. 23-2, 23-3, 24).[3]

***Defendant Loyed***

In her Motion for Summary Judgment, Defendant Loyed asserts that the Plaintiff has failed to establish a claim of deliberate indifference to serious medical needs, in that he cannot establish Defendant Loyed's knowledge of serious medical conditions and subsequent failure to provide medical care. It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

In his affidavit, Dr. Lloydstone Jacobs testifies, based on the Plaintiff's medical records, that Loyed was called to Plaintiff's cell on January 18, 2012 at 2:30 a.m., after Plaintiff had been found lying on the floor. (Doc. 23-3, ¶ 3). Plaintiff reported striking his head after slipping on water.

[3] Defendant Loyed's affidavit bears the signature of a notary, but not the seal of a notary, as required by O.C.G.A § 45-17-6 (a)(1) ("An official notarial act must be documented by the notary's seal."). Accordingly, Defendant Loyed's affidavit is not a sworn affidavit or declaration which can be considered in the determination of the pending Motions for Summary Judgment. *See Smith v. Prine*, 2012 WL 2308639 *2 (M.D.Ga., May 2, 2012) (party's affidavit not considered in part because of lack of notarial seal); *Life Insurance Co. of N. America v. Foster*, 2010 WL 1873102 (S.D.Ala., Mar. 31, 2010) (finding an affidavit was not valid as it did not contain notary public's seal and notary's commission had expired prior to the affidavit's execution).

*Id.*  Plaintiff reported pain in his right side, middle back, and right side of his neck, although Defendant Loyed did not observe any visible injuries.  *Id.*  Loyed contacted Dr. Jacobs for a treatment plan, who ordered Plaintiff placed on a back board and placed in a medical cell until he felt better, with neuro-checks every two (2) hours for forty-eight hours, with no administration of pain medications during that forty-eight hour period.  *Id.* at ¶ 4.  Defendant Loyed noted that Plaintiff's vital signs remained stable, his range of movement remained normal, and his pain levels decreased, until Plaintiff was transferred into the state correctional system on January 19, 2012. (Doc. 23-3, ¶¶ 5-11).[4]  Plaintiff's medical records evidence evaluation, treatment, and monitoring of Plaintiff's condition by medical staff after Plaintiff's fall on January 18, 2012.   (Doc. 24).

Defendant Loyed has established by reference to Dr. Jacobs' affidavit and the Plaintiff's medical records that the Plaintiff received medical care for his condition shortly after his fall on January 18, 2012 and continuing until his transfer to the state correctional system on January 19, 2012, and that Defendant Loyed did not deny Plaintiff medical care for any alleged injuries or conditions about which she had knowledge during the time period in question.   Plaintiff's medical records show that he was examined and observed by medical staff at least five (5) times in the 24-hour period following his fall.[5]   (Doc. 24, p. 4).

Plaintiff's medical records and Dr. Jacobs' affidavit testimony establish that the Plaintiff was provided medical care when the Plaintiff appeared to have, or presented with, a medical need.

---

[4] Although Dr. Jacobs' affidavit testimony references a February 19, 2012 date for the Plaintiff's transfer into the state correctional system, the Plaintiff's prison records provide that such transfer actually took place on January 19, 2012. (Doc. 23-3, ¶ 11; Doc. 24, p. 5).   Based on the record before the Court, it appears that Dr. Jacobs' reference to February as the month of Plaintiff's transfer is a scrivener's error.   Moreover, as Plaintiff's transfer date relates to his claim of deliberate indifference to serious medical needs, Plaintiff's medical records reflect a consistent improvement in his condition the first 24 hours after his fall, and no remaining complaints from Plaintiff after January 19, 2012.

[5] Plaintiff's medical records do not reflect that medical staff monitored Plaintiff's condition every two hours, as directed by Dr. Jacobs.   However, this deviation does not establish deliberate indifference to Plaintiff's condition under the Eighth Amendment, as there is no evidence of a purposeful disregard of Plaintiff's condition, which showed continued improvement in the first 24 hour period. *Cf. Estelle*, 429 U.S. at 105 (deliberate indifference may be shown by evidence of "intentional[] interfer[ence] with treatment once prescribed").

Defendant Loyed has thus met her burden to establish the absence of a genuine issue of material fact regarding the care and treatment provided to the Plaintiff. The burden now shifts to the Plaintiff to rebut Defendant Loyed's summary judgment showing. *Celotex*, 477 U.S. at 324.

In his unsworn response to Defendant Loyed's Motion for Summary Judgment, the Plaintiff does not dispute that he was monitored by medical staff following his fall, but asserts that portions of the medical records inaccurately depict his precise position or posture in the medical cell. (Doc. 31). Viewing the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff as the non-moving party, the Plaintiff has failed to establish that Defendant Loyed acted with deliberate indifference to any serious medical condition suffered by the Plaintiff. The affidavit of Dr. Jacobs and the Plaintiff's medical records detail the medical attention and treatment Plaintiff received from Defendant Loyed while Plaintiff was confined at the Sumter County Jail, including evaluations and monitoring for neurological conditions. Plaintiff simply asserts that said treatment was inadequate.

To the extent that the Plaintiff disagrees with the course of treatment provided, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). Furthermore, the Plaintiff has failed to establish that any delay in treatment exacerbated his conditions. "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay." *Hill v. DeKalb RYDC*, 40 F.3d 1176, 1189 (11th Cir.

1994), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730 (2002). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id.* at 1188.

"Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort. The known risk of injury must be 'a strong likelihood, rather than a mere possibility'". *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle* , 429 U.S. 97 and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). The Plaintiff has failed to rebut the evidence of record establishing that the Plaintiff was provided with treatment for his medical condition. "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments." *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). As in *Hamm*, the "evidence shows that [Plaintiff] received significant medical care while at the [prison]. Although [Plaintiff] may have desired different modes of treatment, the care the [prison] provided did not amount to deliberate indifference." *Id.*

***Defendant Pete Smith***

Plaintiff alleges that Defendant Smith, as Sumter County Sheriff, did not have the leak in the jail roof repaired despite several requests by inmates, and that he "did not keep a safe environment for us." (Doc. 1, ¶ 10).

It is well settled that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828-829 (1994). To establish a cause of action for deliberate indifference, a plaintiff must

adequately plead the existence of "(1) a substanstial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

"[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* "It is not . . . every injury suffered by one prisoner at the hands of another that translates into a constitutional liability." *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1319 (11th Cir. 2005).

Plaintiff makes no allegation that Defendant Smith was aware of, yet disregarded, any risk posed by a roof leak in the jail. Moreover, to the extent that the Plaintiff has attempted to hold Defendant Smith vicariously liable, officials cannot be held liable solely on the basis of respondeat superior or vicarious liability in suits brought pursuant to 42 U.S.C. § 1983. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, the Plaintiff must allege that the named Defendant actually participated in the alleged constitutional violation, or exercised control or direction over the alleged violation. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985), *abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). In order to establish liability in the absence of a Defendant's personal participation, Plaintiff must show either that a history of widespread abuse put the responsible supervisor on notice of the need to correct the alleged deprivation, and he failed to do so, or that "a supervisor's custom or policy result[ed] in deliberate

indifference to constitutional rights". *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (*internal citations omitted*). Herein, the Plaintiff has failed to point to or establish Defendant Smith's personal participation in the alleged deliberate indifference, or a custom or policy that resulted in such denial. Also, Plaintiff's allegation that "we put sveral [sic] request in to get it [the leak] fixed", without more, does not establish a history of widespread abuse sufficient to put Defendant Smith on notice of an alleged deprivation. (Doc. 1, ¶ 10).

Moreover, this Court has previously noted that, "[f]ederal courts from around the country have []held that slippery prison floors do not violate the Eighth Amendment." *Gooden v. Washington, et al.*, Civil Action No. 1 : 11-CV-60 (WLS) (M.D.Ga., Mar. 30, 2012) (Doc. 38, p. 3). *See also Ansley v. Franks*, 2010 WL 4007626 (S.D.Ga., Aug. 30, 2010) (plaintiff's slip and fall claim, based on allegations of wet jail floor, did not state a claim for deliberate indifference under § 1983, as plaintiff made no allegation that jail staff knew of water accumulation and yet disregarded risk of harm); *Gaskin v. Beasley*, 2010 WL 4668301 (N.D.Fla., Nov. 18, 2010) (plaintiff's slip-and-fall claim did not state a claim for relief under § 1983, as plaintiff's allegations of defendants' general knowledge of the danger of kitchens did not raise claim above the level of negligence).

***Conclusion***

Based on the Plaintiff's failure to establish that the Defendants acted with deliberate indifference to his serious medical needs or to a serious risk of harm, it is the recommendation of the undersigned that the Defendants' motions for summary judgment be **GRANTED**.

***Objections***

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 7th day of February, 2014.

**s/ *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**