IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| NATHAN WILLIAMS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:12-CV-176 (WLS) |
| PETE SMITH, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff in this deliberate indifference case brought pursuant to 42 U.S.C. § 1983. (Doc. 34.) In the Recommendation, Judge Langstaff recommends that the Court grant Defendant Lloyd's Motion for Summary Judgment (Doc. 23) and Defendant Smith's Motion to Dismiss or, Alternatively, Motion for Summary Judgment (Doc. 26). Plaintiff has not filed an objection. (*See generally* Docket.)

Although summary judgment generally should not be granted until the nonmovant has been given an opportunity to engage in sufficient discovery, *Snook v. Tr. Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988), the Court may nonetheless grant summary judgment "if 'further discovery would be pointless' and the movant is 'clearly entitled to summary judgment.' " *Pelican Restaurants, Inc. v. Crazy Flamingo, Inc.*, No. 2:06-CV-211-FTM-29DNF, 2007 WL 911760, *1 (M.D. Fla. Mar. 22, 2007) (citing *Robak v. Abbott Labs.*, 797 F. Supp. 475, 476 (D. Md. 1992)). As to Defendant Lloyd, Judge Langstaff recommends granting summary judgment because "Plaintiff's medical records and Dr. Jacobs' affidavit testimony establish that the Plaintiff was provided medical care when the Plaintiff appeared to have . . . a medical need." (Doc. 34 at 4.) Even if Plaintiff's unsworn response to Defendant Lloyd's motion for summary judgment is construed as evidence, he has failed to rebut Defendant Lloyd's showing

that she is entitled to summary judgment. Plaintiff's response only "asserts that portions of the medical records inaccurately depict his precise position or posture in the medical cell" and expresses disagreement "with the course of treatment provided." (*Id.* at 4-5.) Upon consideration of Plaintiff's assertions and medical records, and the assertions of Dr. Jacobs, the Court finds that "further discovery would be pointless" and Defendant Lloyd is "clearly entitled" to judgment as a matter of law. *See Pelican Restaurants*, 2007 WL 911760 at *1.

Also, the Court finds that Defendant Smith is entitled to dismissal because Plaintiff has failed to state a claim against him. As found by Judge Langstaff, "Plaintiff makes no allegation that Defendant Smith was aware of, yet disregarded, any risk by a roof leak in the jail" or "personally participated in the alleged constitutional violation." (Doc. 34 at 7.) Such allegations are necessary for Defendant Smith to be held liable under § 1983. (*See id.*) Because Plaintiff failed to allege facts that could result in Defendant Smith's liability under § 1983, Defendant Smith is entitled to dismissal for failure to state a claim.

Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation (Doc. 34) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Defendant Lloyd's Motion for Summary Judgment (Doc. 23) and Defendant Smith's Motion to Dismiss (Doc. 26) are **GRANTED.** It is hereby **ORDERED AND ADJUDGED** that Plaintiff shall take nothing by his Complaint (Doc. 1) as to Defendant Lloyd, and **JUDGMENT** shall be entered in favor of Defendant Lloyd. Plaintiff's claim against Defendant Smith is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim**.**

   **SO ORDERED**, this  4th  day of March 2014.

                    /s/ W. Louis Sands
                    **W. LOUIS SANDS, JUDGE**
                    **UNITED STATES DISTRICT COURT**